UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Clearwater Trust, a Trust for the benefit of Russell B. Lentz Jr. and Mitzi L. Lentz, with Donna Schuford as trustee; the Elisabeth T. Lentz Trust, with Marydine Lentz Lamb as Trustee; Russell B. Lentz, Jr. and Mitzi L. Lentz, Individually and as the owners and beneficiaries of the Clearwater Trust and as the beneficiaries of the Elisabeth T. Lentz Trust and the Estate of Elisabeth R. Lentz, <br><br> Plaintiffs, <br><br> vs. <br><br> Wyche, Burgess, Freeman & Parham, P.A., Marshall Winn and Wallace K. Lightsey, <br><br> Defendants. | C/A No. 6:06-01854-GRA <br><br><br><br><br><br><br><br> **ORDER** <br> (Written Opinion) |

This matter comes before the Court on Defendants' Motion for Summary Judgment, filed March 12, 2007. Defendants move this Court for summary judgment on the ground that Plaintiffs' action was not commenced within, and the action is now barred by, the applicable three year statute of limitations set forth in *S.C. Code Ann.* § 15-3-530 (2005). Counsel for both parties presented oral arguments before this Court on May 24, 2007. Having fully considered the pleadings, all filings related to Defendants' Motion for Summary Judgment, and the arguments of counsel, this Court concludes that there is no genuine issue as to any

1

material fact and that the defendants are entitled to judgment as a matter of law. Therefore, Defendants' Motion for Summary Judgment is GRANTED.

## I.   PROCEDURAL BACKGROUND

Plaintiffs filed this action for legal malpractice on June 21, 2006, alleging that Defendants failed to commence a lawsuit on Plaintiffs' behalf within the applicable statute of limitations. Defendants filed an Answer denying all liability and raising the affirmative defense of the statute of limitations, among other affirmative defenses.

This matter is presently before the Court on Defendants' Motion for Summary Judgment. Defendants base their motion on the ground that the plaintiffs did not commence the present litigation within the applicable statute of limitations and, therefore, Plaintiffs' action is barred and should be dismissed.

The material facts are not in dispute and the parties are in agreement as to the applicable law.

## II.  SUMMARY JUDGMENT STANDARD

This Court may grant a motion for summary judgment only upon a finding that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A]t the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The

Court must view the facts and inferences to be drawn from the evidence of record "in the light most favorable to the non-moving party." *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). "If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party bears the burden of proof at trial." *Talamantes v. Berkeley County School Dist.*, 340 F. Supp.2d 684, 692 (D.S.C. 2004)(citations omitted).

## III.    FACTUAL BACKGROUND

Defendants moved for summary judgment on the ground that Plaintiffs' claims are barred by the applicable statute of limitations. The chronology of events is critical to this Court's analysis. The following facts and critical dates are not disputed by the parties.

The plaintiffs in the present action hired Defendants to represent them in an action ("Underlying Action") against Boyd G. Bunting ("Bunting") and Media General Communications, Inc. ("Media General") for alleged misrepresentations by Bunting when the plaintiffs sought to sell their stock in Spartan Communications, Inc. ("Spartan Communications") to Spartan Communications.

Specifically, on April 30, 2002, Defendants commenced the Underlying Action on behalf of the plaintiffs against Bunting and Media General.[1]  Plaintiffs alleged in the Underlying Action that in 1999 they wanted to sell their stock in Spartan Communications, a company that later merged with Media General. The

---

[1] The defendants in the Underlying Action are collectively referred to as "Spartan."

3

plaintiffs approached Bunting, an officer of Spartan Communications, about whether there was any activity going on in the company that would affect the value of the company, such as pending acquisitions. Based upon the alleged misrepresentation of Bunting that no such activities were underway, the plaintiffs sold their stock to Spartan Communications for $200 a share. Approximately six (6) months later, Spartan Communications announced a merger with Media General at $800 per share. That merger was consummated in March, 2000.

The Underlying Action was initially filed in State Court and was removed to this Court and assigned to the Honorable Henry M. Herlong, Jr. Spartan moved to dismiss the Underlying Action, alleging that a statute of limitations of two years was applicable to the case and had been missed. The motions were received by Defendants on June 10, 2002 and mailed to Plaintiffs on June 12, 2002. Thereafter, on July 11, 2002, Judge Herlong granted Spartan's Motions to Dismiss on the ground that the statute of limitations barred the Underlying Action. Judge Herlong subsequently vacated his Order for lack of diversity and subject matter jurisdiction and the matter was remanded to State Court.

Upon remand, on October 31, 2002, Spartan filed a Joint Motion to Dismiss, once again asserting that the plaintiffs had failed to commence the Underlying Action within the applicable statute of limitations. The Spartan motion was discussed with the plaintiffs. On January 10, 2003, Judge Larry R. Patterson held a hearing on the Joint Motion. With representatives from the plaintiffs present in the courtroom, Judge Patterson ruled from the bench and granted Spartan's Joint

4

Motion, dismissing the Underlying Action on the ground that the statute of limitations had expired prior to commencement. On May 15, 2003, Judge Patterson issued his written order dismissing the plaintiffs' case. The Trial Court's Order was affirmed by the South Carolina Supreme Court in February 2006, ending the Underlying Action. Plaintiffs were aware of each of these developments as they occurred.

On June 22, 2006, the Federal Court issued its Summons in the present case.

**IV.    APPLICABLE LAW**

"The law of the forum determines all matters involving the application of the statute of limitations, including whether and how the statute may be tolled by a particular event." *Barry v. Donnelly*, 781 F.2d 1040, 1042 n.4 (4th Cir. 1986) (citation omitted).

Pursuant to S.C. Code Ann. § 15-3-530(5) (2005), a three year statute of limitations is applicable to the present action. Furthermore, South Carolina has codified the discovery rule, mandating that "all actions initiated under § 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code Ann*.* § 15-3-535 (2005). "A federal court sitting by diversity must follow state law in determining when an action is 'commenced' for purposes of tolling a statute of limitations." *Sunshine Sportswear & Elecs. v. WSOC Television, Inc.,* 738 F.Supp. 1499, 1511 (D.S.C. 1989)(citations omitted). Pursuant to S.C.

5

Code Ann. § 15-3-20(b) (2005), "[a] civil action is commenced when the summons and complaint are filed with the clerk of court...." *See also* Fed. R. Civ. P. 3, S.C. R. Civ. P. 3 (stating same rule).

**V.     ANALYSIS**

While the parties do not dispute the material facts or the applicable law, the parties do dispute the application of the law to the undisputed facts.

Plaintiffs contend that under the discovery rule the statute of limitations did not begin to run on their claims until less than three years prior to the commencement of the present action.[2] This Court disagrees and concludes that the plaintiffs knew or by the exercise of reasonable diligence should have known that any cause of action for legal malpractice that they may have had against the defendants began to run more than three years prior to the commencement of this action.

The facts clearly establish that the statute of limitations in Plaintiffs' Underlying Action expired in March of 2002. On July 11, 2002, the Honorable Henry M. Herlong, Jr. issued his Order dismissing Plaintiffs' Underlying Action on the ground that the statute of limitations had been missed. Thereafter, on January 10, 2003, after the Underlying Action had been remanded to state court, the Honorable Larry R. Patterson orally ruled from the bench dismissing the Underlying Action on the ground that it had not been timely commenced. Judge Patterson's

---

[2] The plaintiffs have not articulated their position as to when the statute of limitations actually began to run but merely that it was within three years prior to the filing of this action.

6

written Order, issued on May 15, 2003, confirmed and restated his prior oral ruling. Plaintiffs do not deny having knowledge of these rulings. The present action was commenced on June 22, 2006.

This Court concludes that Plaintiffs waited more than three years to commence this action after they knew or reasonably should have known of the existence of the cause of action for legal malpractice and, therefore, their claim is now barred. Each of these events independently operated to put the plaintiffs on notice and each event is sufficient by itself to bar the present action. Cumulatively, they overwhelmingly show that the plaintiffs were on notice of the impairment or loss of their cause of action many times over in the years preceding the commencement of the present litigation.

Plaintiffs contend that their cause of action is not barred because they were not aware of a possible cause of action against the defendants. Plaintiffs further allege that the action is not barred due to representations made by their then attorney, Defendant Marshall Winn, who stated on deposition that he did not believe that he had committed malpractice. This Court has reviewed Plaintiffs' arguments but finds the law is clear on when Plaintiffs could or should have known that a possible claim against Defendants might exist.

> The date on which discovery should have been made is an ***objective***, not subjective, question.  In other words, whether the particular plaintiff actually knew he had a claim is not the test.  Rather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party ***might*** exist.

7

*Young v. S.C. Dep't of Corrections,* 333 S.C. 714, 719, 511 S.E.2d 413, 416 (Ct. App. 1999) (internal citations omitted)(emphasis added).

Under the discovery rule, a party must exercise "reasonable diligence." S.C. Code Ann*.* § 15-3-535 (2005).  The South Carolina Supreme Court has defined "reasonable diligence" as simply "act[ing] with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party *might* exist."  *Epstein v. Brown*, 363 S.C. 372, 376, 610 S.E.2d 816, 818 (2005).  The Court further established that "[*t*]*he statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed*."  *Id.* at 376, 610 S.E.2d at 818.

The law is clear that the statute of limitations began to run on the Plaintiffs' alleged legal malpractice claim against Defendants when the plaintiffs knew or should have known that they had a cause of action.  The facts of this case dictate, and this Court concludes, that a person of common knowledge and experience would have known or should have known that some right of his had been invaded or that a claim against the defendants *might* exist when both a federal judge and state judge issued orders dismissing the plaintiffs' underlying action on the ground that the statute of limitations had been missed.  Acting with reasonable diligence, the plaintiffs could or should have known, at the latest, they had a cause of action against Defendants when Judge Patterson dismissed their case as untimely on May

8

15, 2003.  The Court finds that Plaintiffs had three years from that Order, at the latest, to commence this action.  Plaintiffs did not file this lawsuit, however, until June 22, 2006.  This Court, therefore, concludes that the three year statute of limitations applicable to Plaintiffs' claim for legal malpractice against the Defendants began to run more than three years prior to the commencement of this action and therefore bars Plaintiffs' action against the Defendants.

Plaintiffs further contend, however, that even if this Court concludes that they knew or should have known of their claim more than three years prior to the filing of the present action, then Defendants should be estopped from asserting the statute of limitations to the plaintiffs' claim.  This Court concludes, for the reasons set forth below, that the doctrine of equitable estoppel is inapplicable and also that the defendants are not estopped from asserting the statute of limitations as a bar to the plaintiffs' claim.

Under the law of South Carolina, "a defendant may be estopped from claiming the statute of limitations as a defense if the delay that otherwise would give operation to the statute had been induced by the defendant's conduct." *Kleckly v. Northwestern Nat. Cas. Co*, 338 S.C. 131, 136, 526 S.E.2d 218, 220 (2000).  "An inducement for delay may consist of either an express representation that the claim will be settled without litigation or other conduct that suggests a lawsuit is not necessary."  *Hedgepath v. Am. Tel. & Tel. Co.*, 348 S.C. 340, 360, 559 S.E.2d 327, 338 (Ct. App. 2001).

Plaintiffs, by their own admission, emphatically deny that they knew or even should have known that a claim might exist against the defendants. The doctrine of equitable estoppel is applicable only in those cases where a Plaintiff is *aware* that a claim might exist, but by "some conduct or representation by the defendant," the plaintiff is "induced … to delay in filing suit." *Id.* Plaintiffs cannot therefore take the position that they were somehow lulled by the defendants into not pursuing a claim when they admittedly acknowledge they were not aware of the claim in the first instance.

Plaintiffs further argue that the statements of Defendant Marshall Winn, that he did not believe he had committed malpractice, prevented them from filing this cause of action. Plaintiffs argue the doctrine of equitable estoppel should now apply to bar Defendant Winn from raising the statute of limitations as a defense. However, the Court finds that any representations made by Defendant Winn do not rise to the level of assurances necessary to invoke the doctrine of equitable estoppel. In their proper context, as evidenced by the submissions of both parties, the statements of Defendant Winn cannot reasonably be interpreted or construed as having the capacity to "lull" the Plaintiffs or otherwise provide a "false sense of security" to them in not pursuing a claim which they knew or should have known might exist. *Id.* at 360-61, 559 S.E.2d at 339 ("[w]hether the defendant's actions lulled the plaintiff into 'a false sense of security' is usually a question of fact").

Further, the record is completely devoid of any evidence that Plaintiffs failed to timely commence their action as a result of reliance upon statements made by

10

Defendant Winn or any other Defendant in this action.  Mere conclusory statements that the plaintiffs relied upon "advice of counsel" do not constitute evidence of reliance that caused a delay in timely commencing the present action.  In the absence of any such evidence, the plaintiffs cannot now rely upon equitable estoppel to save their alleged claim.

Finally, with respect to the doctrine of equitable estoppel, this Court concludes as a matter of law, that even if all elements of equitable estoppel were otherwise satisfied, any reliance upon the statements of the defendants would be unreasonable.  The plaintiffs do not dispute that they had knowledge that both a federal judge and a state judge had dismissed the Underlying Action on the ground that the statute of limitations had been missed.  Even had the defendants expressly stated that they would ultimately prevail and that the plaintiffs did not need to file any alleged legal malpractice action (there being no evidence in the record of any such statement), such reliance would have been unreasonable in light of two judicial opinions to the contrary.  Unreasonable reliance will not support equitable estoppel.

Summary judgment is appropriate "where there is no evidence of conduct on the defendant's part warranting estoppel."  *Hedgepath*. 348 S.C. at 361, 559 S.E.2d at 339 (Ct. App. 2001).  In the present action, there is no evidence warranting estoppel.

**VI.     CONCLUSION**

Based upon the foregoing undisputed facts and applicable law, this Court concludes that Plaintiffs knew or should have known that a cause of action for legal malpractice against Defendants might have existed more than three years prior to the date the present action was commenced.

This Court further concludes that the doctrine of equitable estoppel is, as a matter of law, inapplicable to the undisputed facts of this case and, therefore, does not bar the defendants' reliance upon the statute of limitations.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is hereby GRANTED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 20, 2007

Anderson, South Carolina